UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert M. DuBe and Cynthia J. DuBe,

        Plaintiffs,

v.

Federal National Mortgage Association;
Mortgage Electronic Registration System,
Inc.; MERSCORP, Inc.; EverBank; and
also all other persons unknown claiming
any right, title, estate, interest, or lien in the
real estate described in the complaint
herein,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-628 ADM/TNL

---

William Bernard Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Michael A. Rosow, Esq., and Aimee D. Dayhoff, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On March 26, 2013, the undersigned United States District Judge heard oral argument on Plaintiffs Robert M. and Cynthia J. DuBes' (the "DuBes") Motion for Temporary Restraining Order ("TRO") [Docket No. 3]. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

In 1994, the DuBes acquired a house at 1231 West 15th Street, Hastings, MN 55033 (the "Property"). The DuBes acquired a mortgage on the property on December 28, 2005. The DuBes defaulted on their mortgage.

The DuBes allege various ways in which Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration System, Inc. ("MERS"), MERSCORP, Inc.,

and EverBank ("EverBank") (collectively, the "Defendants") lacked the authority to conduct a valid foreclosure by advertisement.

On May 25, 2011, MERS assigned the DuBes' mortgage to EverBank. Compl. [Docket No. 1] ¶ 10 . Plaintiffs claim, upon information and belief, Fannie Mae acquired an "interest" in the mortgage sometime prior to commencement of the foreclosure by advertisement in this case. Id. ¶ 12. Although unclear in the Complaint, it appears Plaintiffs construe this acquisition of an interest as an unrecorded assignment of all rights and interest in the mortgage. Id. ¶ 21. On May 31, 2011, attorneys for EverBank executed a Power of Attorney instrument, empowering the attorneys to proceed with foreclosure on the Property. Id. ¶¶ 20-21. EverBank proceeded with foreclosure by advertisement. On June 15, 2011, EverBank gave notice of a Sheriff's sale for the Property and conducted the sale on August 4, 2011. Id. ¶ 25. EverBank purchased the Property with a bid of $419,648. Id. On August 25, 2011, EverBank conveyed the Property to Fannie Mae. Id. ¶ 26. On March 19, 2012, Fannie Mae filed a complaint to evict the DuBes from the Property in Dakota County court. Butler Aff. [Docket No. 5] Ex. 6.

The DuBes have been involved in extensive litigation concerning their home. In July 2011, the DuBes joined over 30 other plaintiffs challenging the validity of their foreclosures. Peterson v. CitiMortgage, Inc., No. 11-2385 SRN-JJG, 2012 U.S. Dist. LEXIS 75150 (D. Minn. May 30, 2012) (noting that Plaintiffs' counsel persists in bringing claims that have been repeatedly rejected, that he engages in brazen delay tactics, and that the Peterson case is a particularly egregious example; Judge Susan Richard Nelson dismissed with prejudice all 21 Counts for failure to state a claim), aff'd, 704 F.3d 548 (8th Cir. January 28, 2013). During consideration of Peterson and its appeal, the DuBes remained in possession of the Property. Fannie Mae's eviction complaint was delayed by Dakota County pending the outcome of

Peterson. On March 13, 2013, after the Eighth Circuit affirmed Judge Nelson's dismissal with prejudice, Dakota County Judge Michael J. Mayer lifted the stay on eviction and issued a Writ of Recovery of Premises. Butler Aff. Ex. 6.

The DuBes filed the present action first in Dakota County on March 5, 2013; Defendants removed the case to federal court on March 18, 2013. Notice of Removal [Docket No. 1]. As in Peterson, the Defendants named here are Fannie Mae, MERS, MERSCORP, and EverBank. The DuBes request a TRO to again delay their eviction, pending resolution of their new lawsuit.

In filing for a TRO, the DuBes did not inform the court of the previous litigation in which they were involved with the same named Defendants. Defendants contend the DuBes should not get a "second bite at the apple" and urge the court to dismiss the case on the basis of claim preclusion. At oral argument, Plaintiffs' counsel, who had not briefed the preclusion issue, responded that the DuBes only sued EverBank in the previous case, not Fannie Mae, and that the DuBes did not and could not discover Fannie Mae's interest in the mortgage until an unspecified time after the Peterson case was decided. Plaintiffs' counsel also argued that the Rule 12(b)(6) dismissal of Peterson for failure to state a claim is not sufficient to preclude claims brought in this case.

### III. DISCUSSION

A motion to dismiss is not before the court. Only the TRO will be addressed at this stage.

**A. Dataphase Factors**

Courts weigh four factors in determining whether to grant injunctive relief: (1) the threat of irreparable harm to the moving party if an injunction is not granted; (2) the harm suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party

if the relief is granted; (3) the probability that the moving party will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981); See also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The fundamental question "is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Id. The movant "bears the burden of establishing the necessity of this equitable remedy." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009); see also Oglala Sioux Tribe v. C & W Enters., Inc., 542 F.3d 224, 233 (8th Cir. 2008) (ceasing a Dataphase analysis after finding no likelihood of success on the merits). Injunctive relief is an extraordinary remedy. See Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987).

**B. Likelihood of Success on the Merits**

The DuBes are not likely to succeed on the merits. First, Dakota County Court has considered the issue of eviction since at least March 19, 2012, when Fannie Mae filed for a writ of recovery. The Dakota County Court stayed the writ of eviction pending the disposition of Peterson and when that case concluded, the Court lifted the stay and granted the writ. On the limited record before it, this Court is reluctant to second guess the state court's determination that a stay of proceedings is no longer necessary.

Second, the DuBes' Complaint is unclear about the facts and theory of its case. The Complaint vaguely alleges Fannie Mae took an unrecorded assignment of mortgage. Compl. ¶ 12. The Complaint does not allege when Fannie Mae took an interest, nor does it provide facts about the nature of that interest. Attached to the Complaint, the DuBes include a one page printout, time stamped at the bottom, March 21, 2013 and stamped at the top as "MERS ServicerID - Investor." In the middle of what appears to be a search results page, EverBank is

listed as a servicer of the loan and Fannie Mae is listed as an investor.  This record search is otherwise unexplained and the Complaint and motion do not provide sufficient information to make more than the obvious conclusions, that EverBank was a servicer and Fannie Mae was an investor.  The search page tells nothing about the nature of Fannie Mae's investment and the page shows nothing about ownership and title of the mortgage.  From this search page, the DuBes allege that Fannie Mae's interest deprived EverBank of the authority to proceed with foreclosure by advertisement.  If this Complaint faced a motion to dismiss, it would likely be dismissed for failure to state a claim.

Third, claim preclusion is a large hurdle to showing likelihood of success on the merits in this case.  The Eighth Circuit has provided a four-prong test to determine when res judicata bars relitigation of a claim: "(1) the first suit must result in a final judgment on the merits; (2) the first suit must be based on proper jurisdiction; (3) both suits must involve the same nucleus of operative fact; and (4) both suits must involve the same parties or their privies."  Kolb v. Scherer Bros. Fin. Servs. Co., 6 F.3d 542, 544 (8th Cir. 1993).

The DuBes argued at the hearing that this action is not barred by the doctrine of claim preclusion because, under H. Christiansen & Sons, Inc. v. City of Duluth, 31 N.W.2d 277 (Minn. 1948) and Minnesota common law, a dismissal for failure to state a claim does not constitute a final judgment on the merits.  This argument fails for two reasons.  First, the DuBes' claims in Peterson were not dismissed under Minnesota failure to state a claim standard, but rather were dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  A Rule 12 (b)(6) dismissal is a "judgment on the merits" for res judicata purposes unless the plaintiff is granted leave to amend his complaint or the dismissal is reversed on appeal.  United States v. Maull, 855 F.2d 514, 517, n.3 (8th Cir. 1988) (citing both,  Federated Dep't Stores v. Moitie, 452 U.S. 394,

399 n.3 (1981); and, Carter v. Money Tree Co., 532 F.2d 113, 115 (1976)).  Second, the Minnesota Supreme Court in H. Christiansen does not stand for the proposition Plaintiffs claim.  In H. Christiansen the trial court sustained a defendant's demurrer, but granted plaintiffs 30 days within which to file an amended complaint.  31 N.W.2d at 278.  No amended complaint was filed.  Id.  Instead, after the 30 days, plaintiff filed a voluntary dismissal without prejudice, which the trial court granted.  Id.  Later, plaintiff "commenced another action in state court again seeking recovery from defendant for the same damages."  Id.  The Court in H. Christiansen ordered the trial court to enter a final judgment of dismissal on the merits because after the expiration of the 30 days, the trial judgment based on demurrer was final and the trial court did not have the authority to dismiss the case without prejudice.  Id. at 280.

     The DuBes have now twice filed a quiet title action seeking to declare the foreclosure sale of their mortgaged Property null and void.  The first three prongs of the Kolb test are easily disposed.  In Peterson, Judge Nelson granted Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim and dismissed the case with prejudice.  Since a Rule 12(b)(6) dismissal with prejudice is a ruling on the merits, the first prong of the Kolb test is satisfied.  Next, both Peterson and this case are based on proper jurisdiction.  Federal question jurisdiction is proper as to claims against Fannie Mae under 12 U.S.C. § 1452(f), and supplemental jurisdiction exists over Plaintiffs' state-law claims against the remaining Defendants under 28 U.S.C. § 1367(a).  Thirdly, both suits involve the same nucleus of operative facts, that is, both suits challenge the validity of Defendants' foreclosure by advertisement proceedings and the authority to conduct a valid sheriff's sale.

     The final prong requires a determination of whether both cases involve the same parties or their privies.  The DuBes' counsel argued at the hearing that the DuBes' claims against Fannie

Mae are not precluded because the DuBes did not sue Fannie Mae in the first action. Stating that the DuBes did not sue Fannie Mae, even though Fannie Mae was a named party in <u>Peterson</u>, is dubious. The <u>Peterson</u> Complaint alleges that "Defendant EverBank, including its predecessors, successors and assigns, falsely claim a mortgagee's interest in the DuBe Property." Michael A. Rosow Decl. [Docket No. 8] Ex. 3 ("<u>Peterson</u> Compl.") ¶ 80. In addition, most of the <u>Peterson</u> Compl. "Counts" allege all Defendants violated the law against all Plaintiffs. <u>See</u> <u>Peterson</u> Compl. starting at ¶ 86. It is unclear how Fannie Mae, even as an unrecorded assignee, would not be included in the DuBes' allegations.

      The DuBes also claimed at oral argument that, during <u>Peterson</u>, they did not and could not know Fannie Mae had an interest in their mortgage because as an unrecorded assignment of mortgage from EverBank to Fannie Mae, they could not discover Fannie Mae's interest. This argument is even more flimsy. The Complaint provides no factual basis for claiming that Fannie Mae received an unrecorded assignment of mortgage from EverBank prior to foreclosure by advertisement. And as noted above, the DuBes have not explained enough about the search to answer key questions of when, what, why or how the one record search makes the unrecorded assignment of mortgage case. Based on the record before the Court, it is impossible to tell why this record search, if helpful, could not have been conducted prior to <u>Peterson</u>.

      At the TRO stage, the Court need only decide if these arguments are likely. It is unlikely the DuBes will be able to avoid claim preclusion having had the opportunity in <u>Peterson</u> to challenge the validity of their foreclosure. This likelihood-of-success-on-the-merits factor strongly favors the Defendants.

**C. Threat of Irreparable Harm**

      "If denying an injunction results in eviction, then the irreparable harm element is likely

met." Saygnarath v. BNC Mortg., Inc., No. 06-3465, 2007 WL 1141495, at *2 (D. Minn. Apr. 17, 2007) (citing Higbee v. Starr, 698 F.2d 945, 947 (8th Cir. 1983)).  But, a showing of speculative harm is insufficient to meet the burden of showing irreparable harm.  Saygnarath, 2007 WL 1141495, at *2.

The DuBes assert that they will be irreparably harmed if they are evicted from the Property because it is the DuBes' "personal, primary and sole residence."  Mem. Supp. TRO [Docket No. 4] 8.  They also assert that securing new housing, particularly in Minnesota's cold March weather will be difficult.  Finally, once the writ is executed, the DuBes argue they will have to vacate the Property within 24 hours.

As noted above, the DuBes have defaulted on their mortgage.  Default is not disputed.  The only issue at this point is whether EverBank and Fannie Mae took appropriate steps to foreclose the Property by advertisement.  Efforts to modify the DuBes' mortgage agreement failed.  The only issue was and is when and how foreclosure shall proceed.  The DuBes' have been on notice since March 2012 that eviction is probable.  They received a reprieve from the Dakota County court pending the disposition of Peterson.  On January 28, 2013, the Eighth Circuit affirmed the District Court's ruling granting Defendants' motions to dismiss.  Recognizing the Eighth Circuit's ruling as a final disposition of the DuBes' case, Judge Mayer granted Fannie Mae the writ of recovery on March 13, 2013.

If Plaintiffs ultimately prevail in this case, their remedy will be damages and possession of the property.  Right and title of the property will not be decided.  Even if the Court again delayed the eviction pending resolution of the DuBes' possibly new allegations, the DuBes will still have defaulted on their mortgage.  They will not have the right and title to the Property unless (1) the DuBes reinstate the mortgage, paying the amount constituting the default at the

time the mortgage foreclosure proceedings were initiated, together with all costs of foreclosure that have been incurred to the date of reinstatement, plus attorney's fees, Minn. Stat. § 580.30; or (2) redeem from the Sheriff's sale, paying to either the person who purchased the property at the sale or the Sheriff the sum of money for which the mortgaged premises were sold, with interest from the sale date at the rate provided in the mortgage, plus other costs recoverable by statute, Minn. Stat. § 580.25. There is no way to know from the record if the DuBes are willing or able to pay for the redemption or reinstatement of the Property. Over two years of litigation and nonpayment suggests not. Defendants would presumably restart the foreclosure process and ensure its proper execution. Even if the DuBes prevail, they would likely only remain on the Property during the new foreclosure proceeding, delaying the time at which they need to find new housing, but not ultimately allowing them to keep the Property.

Foreclosure by advertisement is simply the means of enforcing the terms of the DuBes' mortgage contract. Violation of the procedures does not ultimately determine right and title to the property. Nonetheless, the Court recognizes the adverse effects that flow from eviction and finds that this Dataphase factor tips slightly in favor of the DuBes.

**D. Balance of Harms**

Issuance of injunction would deprive Fannie Mae and EverBank of its legal right to foreclose on the Property and the income they could gain in so doing. Lost time of possession has also been considerable. Beginning in July 2011, Defendants could not take possession of the Property during the pendency of <u>Peterson</u>. On the other hand, failure to issue an injunction will result in the serious harm of eviction. However, mitigating the harm of eviction, the DuBes have been on notice at least since Fannie Mae's March 2012 complaint in Dakota County that eviction is a possibility. The balance of harms does not favor either the DuBes or the Defendants.

**E. Public Interest**

Weighty public interests exist on both sides of the ledger. See <u>Gomez v. Marketplace Home Mortg. LLC</u>, No. 12-153, 2012 U.S. Dist. LEXIS 59704, at *11-12 (D. Minn. Apr. 30, 2012). The public has an interest in the effective and efficient disposition of contract disputes. "On the other hand, the public interests in preventing unnecessary foreclosures and maintaining home ownership are at least equally strong." <u>Id.</u> In the context of this case, the Court suspects that granting injunctive relief would encourage borrowers to file multiple suits in an effort to unjustifiably delay foreclosure. This factor favors Defendants.

**F. Balance of Equities**

The balance of equities does not so favor the DuBes as to justify the Court's extraordinary intervention. In this case the DuBes have very little likelihood of success on the merits and analysis of the remaining factors does not tip the balance strongly in their favor. Therefore, injunctive relief is inappropriate.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Plaintiff DuBes' Motion for Temporary Restraining Order [Docket No. 3] is **DENIED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 2, 2013.