**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert M. DuBe and Cynthia J. DuBe,

                Plaintiffs,

v.

Federal National Mortgage Association;
Mortgage Electronic Registration System,
Inc.; MERSCORP, Inc.; EverBank; and
also all other persons unknown claiming
any right, title, estate, interest, or lien in the
real estate described in the complaint
herein,

                Defendants.

**MEMORANDUM OPINION**
**AND ORDER**
Civil No. 13-628 ADM/TNL

---

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Michael A. Rosow, Esq., and Aimee D. Dayhoff, Esq., Winthrop & Weinstine, P.A.,
Minneapolis, MN, on behalf of Defendants.

---

**I.  INTRODUCTION**

On June 3, 2013, the undersigned United States District Judge heard oral argument on

Defendants' Motion to Dismiss [Docket No. 26] under Federal Rule of Civil Procedure, Rule

12(b)(6) and Plaintiffs Robert M. and Cynthia J. DuBes' (the "DuBes") Notice of Voluntary

Dismissal [Docket No. 37] under Federal Rule of Civil Procedure, Rule 41(A)(i).  For the

reasons set forth below, Defendants' Motion to Dismiss is denied as moot and Plaintiffs'

Voluntary Dismissal is approved.

**II.  BACKGROUND**

In 1994, the DuBes acquired a house at 1231 West 15th Street, Hastings, MN 55033 (the

"Property").  The DuBes granted a mortgage on the Property on December 28, 2005.  The DuBes

subsequently defaulted on their mortgage.  Since then the DuBes have been involved in
extensive litigation concerning their home.

 In July 2011, the DuBes joined over 30 other plaintiffs challenging the validity of their
foreclosures.  Peterson v. CitiMortgage, Inc., No. 11-2385 SRN-JJG, 2012 U.S. Dist. LEXIS
75150 (D. Minn. May 30, 2012), aff'd, 704 F.3d 548 (8th Cir. January 28, 2013).  Judge Susan
Richard Nelson dismissed with prejudice all 21 counts of the Complaint for failure to state a
claim, noting that Plaintiffs' counsel persists in bringing claims that have been repeatedly
rejected, and that he engages in brazen delay tactics.  During consideration of Peterson and its
appeal, the DuBes remained in possession of the Property.  Fannie Mae's eviction complaint was
delayed by Dakota County pending the outcome of Peterson.  On March 13, 2013, after the
Eighth Circuit affirmed Judge Nelson's dismissal with prejudice, Dakota County Judge Michael
J. Mayer lifted the stay on eviction and issued a Writ of Recovery of Premises.  Butler Aff.
[Docket No. 5] Ex. 6.

 The DuBes filed this action in Dakota County on March 5, 2013; Defendants removed
the case to federal court on March 18, 2013.  Notice of Removal [Docket No. 1].  As in Peterson,
the Defendants named here are Fannie Mae, MERS, MERSCORP, and EverBank.  The DuBes
requested a Temporary Restraining Order ("TRO") to again delay their eviction, pending
resolution of their new lawsuit.  In filing for a TRO, the DuBes did not inform the court of the
previous litigation in which they were involved with the same named Defendants.  The TRO was
denied on April 2, 2013.  Order [Docket No. 16].

 Defendants filed a motion to extend the time for filing their answer to the DuBes'
complaint.  Magistrate Judge Tony N. Leung granted their motion and allowed Defendants until
April 15 to file their answer.  In the meantime, although a TRO is not usually appealable,

2

Plaintiffs sought interlocutory appeal [Docket No. 23] to the Eighth Circuit, United States Court of Appeals.[1]

Defendants did not file an answer.  Instead, Defendants filed their motion to dismiss on April 15, 2013.  The DuBes did not respond to the motion to dismiss; instead, they filed a voluntary dismissal on May 6, 2013.

### III.  DISCUSSION

Rule 41(a)(1) governs voluntary dismissals.  A plaintiff may dismiss an action without court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  "Because the rule permits dismissal as of right, it requires only notice to the court, not a motion, and permission or order of court is not required."  Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990).  However, the Eighth Circuit acknowledged that "[t]here may be rare cases with extreme circumstances in which a district court enters a judgment on the merits at an early stage of the proceedings, prior to an answer or motion for summary judgment in which the use of Rule 41(a)(1) is foreclosed."  Id. at 864; see Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105 (2nd Cir. 1953) (denying voluntary dismissal where a preliminary injunction hearing had required several days of argument and testimony and the merits of the controversy were "squarely raised"; deciding "a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose").

Defendants argue that this case fits within this extreme cases exception and seek a dismissal for failure to state a claim under Rule 12(b)(6).  The Defendants are concerned that a

---

[1] On June 6, 2013, the Eighth Circuit Court of Appeals granted the DuBes' motion to dismiss the appeal in accordance with Federal Rules of Appellate Procedure 42(b).

3

voluntary Rule 41 dismissal may result in this litigation again being refiled. Although Plaintiffs' counsel stated at the hearing he cannot guarantee his clients will not revive this case for a third time, Plaintiffs' attorney has assured the court that he will not be involved. Furthermore, at the hearing, Plaintiffs' attorney informed the court that the DuBes are no longer in Minnesota and have no desire to attempt further litigation.

The court need not determine whether this case falls within the range of extreme circumstances necessary to prohibit a voluntary dismissal without prejudice. The parties agreed that a new suit is highly unlikely. In addition, Defendants have indicated that their bigger concern is with the actions of Plaintiffs' attorney and that they wish to file a motion for sanctions and attorneys' fees due to alleged bad faith filing by Plaintiffs' attorney. The voluntary dismissal does not divest the court of its jurisdiction to consider a defendant's motion for sanctions, even if the motion comes after the dismissal. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff DuBes' Notice of Voluntary Dismissal [Docket No. 37] is **APPROVED**; and,

2.    Defendants' Motion to Dismiss [Docket No. 26] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 10, 2013.